**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **CHRISTINE B. ISSAC-GHONEIM** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> **MICHAEL J. ASTRUE,** ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. TMD 08-2421 |

<u>MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT</u>

Christine B. Issac-Ghoneim, ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383(c). Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Paper No 21) and Defendant's Motion for Summary Judgment. (Paper No. 26). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is Granted.

**I. Procedural History**

Plaintiff filed her application for SSI on January 24, 2006 alleging disability since September 1, 2004 based on various conditions. R. at 33, 45-50, 53, 60. The claim was denied initially and on reconsideration. R. at 29, 31, 33-35, 40-41. On August 29, 2007, a hearing was

held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert testified. R. at 203-31. Plaintiff was represented by counsel at the hearing. In a decision dated February 29, 2008, the ALJ denied Plaintiff's request for benefits. R. at 13-20. The Appeals Council denied review on August 12, 2008 making this action ripe for review. R. at 4-8, 202.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for SSI using the sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the January 24, 2006 application date. At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: anemia and breast disorder. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ then concluded at step four that Plaintiff could not perform her past relevant work given her residual functional capacity ("RFC"). Finally, at step five, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform. Accordingly, he found that Plaintiff was not disabled within the meaning of the Social Security Act. R. at 13-20.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## V. Discussion

Consultative Psychological Examination

Plaintiff's only argument is that the ALJ erred in failing to order a consultative psychological examination. Plaintiff does not dispute a single finding of the ALJ with respect to the medical evidence.[1] Nor does she dispute any of his findings on the sequential evaluation laid out above. Rather, Plaintiff asserts that a statement made by the ALJ at the hearing demonstrated bias; and he should have ordered a consultative psychological examination based

---

[1] Indeed, the Court notes that the record contains very little medical evidence. R. at 116-201. As the Commissioner points out, the earliest records are dated July 15, 2005 – almost one year after Plaintiff's alleged onset of disability. R. at 116. At that time, Claimant presented with pain in her left breast and clear nipple discharge. R. at 116-27. A subsequent breast exam revealed a nodule in her left breast which was "almost certainly benign." R. at 128. A subsequent review of all of Plaintiff's system was negative. R. at 130. Because of the nipple discharge, Plaintiff requested a left breast subareolar duct excise operation R. at 130-31. That procedure was scheduled for September, 2005 but did not go forward based on a low red blood cell count. R. at 134.

In November, 2005, Plaintiff was admitted to the hospital for severe anemia secondary to menometrorrhagia (prolonged or excessive uterine bleeding) and uterine fibroid. R. at 139-41. She was given a blood transfusion and records noted that her anemia had resolved at discharge. R. at 140, 143-64.

On February 10, 2006, Plaintiff underwent a total abdominal hysterectomy, bilateral salpingo-oophorectomy (surgical removal of fallopian tubes and ovaries), partial small bowel resection, lysis of adhesions and cystoscopy. R. at 164-71.

on the record. Both arguments are wholly without merit.

At the end of the hearing, counsel for Plaintiff stated "at this time I'm going to make a request this claimant be sent out for psychological consultative. I think we done a good deal, overall evaluation of this case." R. at 230. In response, the ALJ stated that "[t]here's no allegation in the file that I saw so unless we get something from her medical source that shows something I don't see the reason for the Social Security to pay for such an exam. So you can make . . . that motion once you get the records and document evidence of a psychiatric impairment." R. at 230.[2]

Plaintiff now asserts that the ALJ demonstrated bias and prejudice by the single reference to the fact that he would not require, at that stage, the Social Security Administration to pay for a consultative psychological examination. Plaintiff reads *far* too much into the statement; and the Court finds, without any doubt, that the statement reflects no prejudice or bias on behalf of the ALJ. As discussed below, there was virtually no evidence of a mental impairment in the record. The ALJ's statement was simply a reflection that the request to order a consultative psychological evaluation, based on effectively no evidence, was not even a "close call"; and cannot be read to imply that the ALJ was somehow concerned with safeguarding the funds of the SSA and acting as a "guardian of the trust fund" as Plaintiff asserts. The ALJ's statement in this regard is harmless.

Moreover, Plaintiff's argument that the ALJ erred by refusing to order the consultative psychological evaluation equally lacks merit. First, the regulations state that the ALJ has

---

[2] Plaintiff mistakenly asserts that the transcript is incomplete. However, it is clear that the ALJ's statement was simply broken by counsel's own interjection. R. at 230.

4

discretion in deciding whether to order a consultative examination. *See* 20 C.F.R. § 416.919a. The regulations further provide that a consultative examination is required when the evidence as a whole is insufficient to support a decision. *See id.* That simply is not the case here.

First, the ALJ indicated at the hearing that he would leave the record open and that Plaintiff could submit medical records to document evidence of any mental impairment. R. at 230-31. In response, counsel indicated, twice, that he would note it for the "appeal." Nevertheless, no documentation was submitted prior to the close of the record. R at 13 ("the claimant's representative was informed, a mental impairment work-up would be considered if a treating source provides documentation of complaints and/or treatment in this area").[3] Nor was any evidence submitted in connection with the request for review by the Appeals Council. R. at 202.

Further, there is simply no evidence of a mental impairment in the record apart from an indication in the record that Claimant may have sought psychiatric treatment in 1999. There is no evidence that she followed through with the treatment and there is no evidence of a mental disorder since the date of alleged onset of disability of September 1, 2004. *See* R. at 13. Even now, Plaintiff points to no such evidence in the record.

In *Morris v. Astrue*, No. 7:08CV630, 2010 WL 838862 (W.D. Va. Mar. 5, 2010), the Court found:

> The ALJ found that the "claimant's medically determinable impairments of depression and anxiety ... [both] singly and in combination ... [do] not cause more than minimal limitation ... and are therefore nonsevere." R. 14. This conclusion means that the ALJ determined that medical and other evidence of

---

[3] Plaintiff now states she was never informed of such. R, at 202. While not verbatim, the ALJ did make clear at the hearing that Plaintiff would be given the opportunity to provide "records and document evidence of a psychiatric impairment."

psychological impairments established "only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." R. 18; 20 C.F.R. §§ 404.1521, 416.921. After review of the record and the ALJ's decision, this Court finds substantial evidence both to support the ALJ's conclusion that Morris's psychological impairments were nonsevere and to support the ALJ's decision not to order a consultative psychological examination.

*Id.* at *5. Here, the evidence does not even rise to the level of that described in *Morris*. The Court finds the ALJ committed no error by not ordering a consultative psychological evaluation.

## V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date:   August 12, 2010                             _____/s/_____
                                                    THOMAS M. DIGIROLAMO
                                                    United States Magistrate Judge



Copies to:
Frank G. Lidinsky, Esq.
8600 LaSalle Rd.
Suite 320
Baltimore, MD 21286

Allen F. Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

6